IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE LEE MANUEL,

Plaintiff,

v.

JAMES D. HARTLEY, E. WEINSTEIN, E. GREENMAN, SAMPATH KUMAR SURYADEVARA,

Defendants.

No. C 08-0559 WHA (PR)

**ORDER GRANTING MOTION TO DISMISS; OF DISMISSAL**

(Docket No. 17)

**INTRODUCTION**

Plaintiff, a prisoner of the State of California, filed this civil rights action pursuant to 42 U.S.C. 1983. On May 8, 2009, the complaint was dismissed with leave to amend. Plaintiff filed an amended complaint asserting that defendants James D. Hartley, E. Weinstein, E. Greenman and Sampath Kumar Suryadevara, violated his Eighth Amendment right to adequate medical care while plaintiff was incarcerated at Avenal State Prison. The claims against defendant Hartley were dismissed, but the amended complaint was ordered served upon the remaining defendants. Defendant Weinstein could not be served because he is not at Avenal State Prison, where plaintiff indicated that he could be found. Defendants Greenman and Suryadevara were served and have moved to dismiss the amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a cognizable claim for relief. Plaintiff has filed an opposition to the motion and defendants have filed a reply. For the reasons discussed below, the motion to dismiss is **GRANTED**, and the claims against the non-moving defendant, Weinstein, are also **DISMISSED**.

**STATEMENT**

In the amended complaint, plaintiff alleges that he received "poor medical treatment" for his knee, from which he suffered "much pain" between November 3, 2005, and May 9, 2007. He received surgery on the knee in 2007, and alleges that he continues to suffer pain from it. He alleges that defendants Suryadevara, Weinstein and Greenman are doctors and Chief Medical Officers at Avenal, and that they took too long to respond to his administrative grievances in which he requested medical care for his knee. Plaintiff seeks injunctive relief and damages.

**STANDARD OF REVIEW**

Failure to state a cognizable claim for relief is a grounds for dismissal before service under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to set forth only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. This standard applies to all cases, *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009), but a pro se pleading must be liberally construed and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Twombly*, 550 U.S. at 570.

In evaluating a motion to dismiss under Rule 12(b)(6), a federal court is limited to reviewing the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55

(9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). In addition, allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Symington*, 51 F.3d at 1484. A plaintiff may plead himself out of a claim by including unnecessary details contrary to his claims. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A court, for example, is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. *Twombly*, 550 U.S. at 555.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**ANALYSIS**

In their motion to dismiss, defendants Greenman and Suryadevara argue that the allegations in the amendment complaint, even if assumed to be true and liberally construed in plaintiff's favor, do not state a plausible Eighth Amendment claim against them. Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059.

Defendants do not dispute that plaintiff's knee condition is a "serious" medical need. Rather they argue that the allegations in the amended complaint fail to establish that they acted with deliberate indifference to the condition. A prison official's response to an inmate's serious medical need amounts to deliberate indifference if the official knows that a prisoner faces a

substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Ibid.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

Plaintiff alleges that defendants Greenman, Weinstein, and Suryadevara took an "excessive amount of time" to respond to administrative grievances in which he requested medical care. He alleges that such delays worsened his knee injury. Plaintiff does not, however, allege in the amended complaint how long the defendants delayed in responding to his grievances, describe what medical complaints he made to each defendant, or identify which grievances the different defendants failed to respond to in a timely fashion. The simple allegation that defendants' delays were "excessive" and caused him to suffer further injury are, without more, conclusory, and, even liberally construed, do not state a "plausible" claim that these defendants acted with deliberate indifference.

Plaintiff does attach to his amended complaint two administrative grievances. Defendant Surayadevara's name does not appear on any of these grievances, however. One grievance has an illegible signature by one of four prison officials to respond at the first and second formal levels of review, but this person not appear to be defendant Surayadevara because plaintiff alleges that Surayadevara's title is "C.M.O" (Chief Medical Officer), whereas the official with the illegible signature has a title of "C.H.S.A.I." (Am. Compl. Ex. 1 at 2). As a result, the attachments to the amended complaint, like the amended complaint itself, does not allege how long Suryadevara waited to respond to a medical grievance, or what medical

complaints plaintiff directed at him. Without such allegations, it cannot be said that Suryadevara acted with deliberate indifference.

Defendant Greenman was the doctor and C.M.O. who granted plaintiff's second administrative grievance at the second formal level of review (*id.* at 7-8). Plaintiff filed the grievance at the second formal level on September 15, 2007 and Greenman granted it on October 25, 2007 (*id.* at 5, 8). Greenman's response to the grievance does not amount to deliberate indifference in the context of plaintiff's medical needs and the treatment he was receiving at the time. After receiving knee surgery in May 2007, plaintiff filed the grievance requesting follow-up medical treatment and a "second opinion" because he continued to experience swelling and pain (*id.* at 4-5). Both prior to and during Greenman's involvement, i.e. while the grievance was pending at the second formal level of review, plaintiff received a great deal of medical attention for his knee. He was seen by his primary care doctor for the knee twice, a physical therapist three times, and an orthopedic surgeon twice (*id.* at 7). In addition to the physical therapy, which plaintiff reported was helping, his knee was biopsied and his condition diagnosed by his primary care doctor (*ibid.*). The orthopedic surgeon ordered a knee brace and continued pain medication, as well as two follow-up appointments to monitor his condition (*ibid.*). Thus, when Greenman granted the appeal, plaintiff was receiving both the medical treatment and the consultations with additional doctors that he requested. Also, there is no allegation in the complaint or attached grievances that plaintiff's condition worsened during the forty days that Greenman took to respond to the grievance; indeed, plaintiff even indicated to his primary care doctor that the condition was not getting any worse (*ibid.*). Even liberally construing plaintiff's allegations and the attachments to the complaint in plaintiff's favor, Greenman's response to the grievance was not excessively delayed nor was it deliberately indifferent to plaintiff's knee condition.

As noted, defendant Weinstein has not been served, which presents problems under Rule 4(m) because more than 120 days have passed since the amended complaint was filed. *See*

Fed. R. Civ. P. 4(m) (requiring plaintiff to serve complaint upon defendants within 120 days of filing). Although plaintiff, proceeding pro se, is entitled to rely on the United States Marshal for service, plaintiff provided an incorrect location for Weinstein, and has not supplied sufficient information for the Marshal to locate and serve him. Nevertheless, even if plaintiff were entitled to correct the service problems, however, the claims against Weinstein should be dismissed. Like defendant Suryadevara, above, Weinstein's name appears nowhere on the grievances attached to the amended complaint. Thus, there is no allegation or indication in the amended complaint or its attachments as to what medical complaints plaintiff directed to Weinstein, what grievance Weinstein reviewed, or how long his response to any such grievance took.

The allegations in the amended complaint and the attached grievances, even when liberally construed, assumed to be true, and viewed in plaintiff's favor, do not establish that any of the defendants excessively delayed responding to his administrative grievances or were otherwise deliberately indifferent to his knee condition. Consequently, the amended complaint will be dismissed for failure to state a cognizable claim for relief. Further leave to amend will not be granted because plaintiff has already been granted leave to amend but has been unable to set forth cognizable claims for relief.

**CONCLUSION**

In light of the foregoing, defendants' motion to dismiss (docket number 17) is **Granted**, and plaintiff's complaint is **Dismissed** for failure to state a cognizable claim for relief.

The clerk shall close the file, terminate all pending motions, and enter judgment.

IT IS SO ORDERED.

DATED: January 25 , 2011.

WILLIAM ALSUP
United States District Judge